UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHINOOK USA, LLC                                                                                        PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:14-CV-01015-CRS

DUCK COMMANDER, INC.,
DAHLEN ASSOCIATES, INC.,
3292 BRANDS, LLC,                                                                                       DEFENDANTS
GO-TIME ENERGY, LLC, and
CHECKERED FLAG BUSINESS, LLC

## MEMORANDUM OPINION

This case involves a disputed licensing agreement ("Agreement") between Defendant Duck Commander, Inc. ("Duck Commander") and Plaintiff Chinook USA, LLC ("Chinook") for certain ready-to-drink beverages. Defendants 3292 Brands, LLC ("Brands") and Dahlen Associates, Inc. ("Dahlen") acted as Duck Commander's licensing agents during the relevant time period. Defendants Checkered Flag Business, LLC ("CFB") and Go-Time Energy, LLC ("Go-Time") entered into separate licensing agreements pertaining to ready-to-drink beverages with Duck Commander after the corporation had entered into the Agreement.

The parties have submitted to the Court various motions. All Defendants move the Court to dismiss Chinook's claims or transfer this case to a federal district court in Louisiana. Chinook opposes these motions and moves the Court to consider new evidence.

Duck Commander moves to dismiss for *forum non conveniens*, or in the alternative for failure to state a claim as to count V of the first amended complaint. Brands and Dahlen move to

1

dismiss for lack of personal jurisdiction, or in the alternative for failure to state a claim as to count V of the first amended complaint, or lack of venue. CFB moves to dismiss for lack of personal jurisdiction, or in the alternative for failure to state a claim as to count V of the first amended complaint, or lack of venue.

Defendant Go-Time moves to dismiss for lack of personal jurisdiction, or in the alternative for failure to state a claim, or lack of venue. In relation to this motion, Chinook moves the Court to receive and consider newly discovered facts relating to Go-Time's jurisdiction. Go-Time, Duck Commander, Brands, Dahlen, and CFB respond in four separate filings. After Chinook's reply, all Defendants moved to file a surreply.

All Defendants move in the alternative to transfer the case under either 28 U.S.C. § 1404(a) or § 1406.

The Court will grant Brands, Dahlen, CFB, and Go-Time's motions to dismiss for lack of personal jurisdiction. The Court will grant Duck Commander's motion to dismiss for *forum non conveniens*. The Court will deny all remaining motions as moot.

## BACKGROUND

On January 7, 2014, Chinook and Duck Commander entered into the Agreement. Under the Agreement, Duck Commander agreed to allow Chinook to use trademarks owned and licensed by Duck Commander to market and sell bottled tea and potentially other ready-to-drink beverages. These trademarks include those related to "Duck Commander Family Foods," "Uncle Si," and "Si Robertson." The Agreement contained both a choice of law clause and a forum selection clause:

2

16. Jurisdiction and Disputes

A. This Agreement shall be governed in accordance with the laws of the State of Louisiana.

B. All disputes under this Agreement shall be resolved by the courts of the State of Louisiana and the parties all consent to the jurisdiction of such courts, agree to accept service of process by mail, and hereby waive any jurisdictional or venue defenses otherwise available to it.

ECF No. 24-8.

After this Agreement, Chinook alleges Duck Commander entered into a separate license agreement with Go-Time to license "energy shots," which Chinook contends are ready-to-drink beverages that Chinook already held the license to sell. Duck Commander also entered into an additional licensing agreement with CFB for a "vitamin water" health drink, which Chinook alleges is a ready-to-drink beverage that Chinook already held the license to sell. During the period of these allegations either Brands or Dahlen acted as Duck Commander's licensing agent.

In colorful filings to this Court, Chinook recounts Bill Russell's collegiate basketball career, the Scottish jurist and poet Sir Walter Scott's *Marmion*, and Jackie Gleason's role in a short-lived television series from the late 1940s. In addition to these references, Chinook also alleges in the amended complaint that Duck Commander, Brands, and Dahlen committed fraudulent inducement to contract under Louisiana and Kentucky law; Duck Commander breached the Agreement under Louisiana and Kentucky law; all Defendants infringed on Duck Commander trademarks exclusively licensed to Chinook; and that Duck Commander and CFB committed civil conspiracy relating to tortious interference with a contractual relationship and a business opportunity under Louisiana and Kentucky law.

The Court has also consolidated with this action a bankruptcy court adversary proceeding Chinook brought against Duck Commander, Brands, and Dahlen. The facts, issues, and requested relief overlap with Chinook's present case filed with the Court. In the consolidated adversary proceeding, Chinook alleges payments it made to Duck Commander under the Agreement constitute fraudulent transfers under 11 U.S.C. §§ 548 and 550, and seeks recovery of these funds from Duck Commander, Brands, and Dahlen.

## DISCUSSION

The Court will first consider Brands, Dahlen, Go-Time, and CFB's arguments to dismiss based on lack of personal jurisdiction. The Court will then assess Duck Commander's motion to dismiss for *forum non conveniens*. The Court will dismiss Chinook's claims against Brands, Dahlen, Go-Time, and CFB for lack of personal jurisdiction and will grant Duck Commander's motion to dismiss for *forum non conveniens*.

**1. Personal Jurisdiction: Brands, Dahlen, Go-Time, and CFB**

a. Personal Jurisdiction When Subject Matter Jurisdiction Stems from Diversity

Where this Court's subject-matter jurisdiction over a case stems from diversity of citizenship, this Court applies the forum state's law to determine whether personal jurisdiction exists. *See Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012). In responding to a motion to dismiss due to lack of personal jurisdiction, the plaintiff may not stand merely on pleadings, but "must show the specific facts demonstrating that the court has jurisdiction." *Id.* These specific facts must make at least a "*prima facie* showing" of personal jurisdiction. *Id.*

4

Chinook asserts that there is personal jurisdiction over Brands, Dahlen, and CFB.[1] The Court must first determine whether Kentucky's long-arm statute authorizes personal jurisdiction over these defendants. If so, the Court must also determine whether exercise of the jurisdiction does not violate constitutional due process. *See Air Products and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 550 (6th Cir. 2007).

Under Kentucky's long-arm statute,

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
>
>> 1. Transacting any business in this Commonwealth;
>>
>> 2. Contracting to supply services or goods in this Commonwealth;
>>
>> 3. Causing tortious injury by an act or omission in this Commonwealth…

KRS § 454.210(2)(a).

i. *Brands and Dahlen*

Chinook does not allege in the first amended complaint, its response to Brands and Dahlen's motion to dismiss, or its consolidated adversary proceeding that either of these defendants transacted any business within the Commonwealth; contracted to supply services or goods in the Commonwealth; or caused tortious injury by an act or omission in this Commonwealth. Plaintiff's argument that Brands and Dahlen acted as Duck Commander's agent does not address whether this Court has personal jurisdiction over these defendants. The statutory language says that jurisdiction is over a person who acts either directly or by *its* agent. KRS § 454.210(2). Chinook does not allege or argue that Brands or Dahlen acted directly or through an agent, but that these defendants were themselves Duck Commander's agents. This is

---

[1] Chinook has only asserted a federal trademark infringement claim against Go-Time. Therefore, whether this Court has personal jurisdiction over Go-Time will be controlled by a different analysis.

insufficient for this Court to exercise personal jurisdiction under Kentucky's long-arm statute over Brands and Dahlen.

The Court will grant Brands and Dahlen's motion to dismiss Chinook's claims for lack of personal jurisdiction.

ii. *CFB*

Chinook alleges in its amended complaint that CFB met with Chinook and offered Chinook a plan wherein Duck Commander would terminate Chinook's Agreement and reassign licensing rights to CFB. *See* ¶¶ 37-46. Under this plan, CFB would allow Chinook to invest an amount of capital into CFB, own part of the organization, and be able to recoup lost capital from Chinook's failing ready-to-drink sales. *Id.* Meetings discussing this potential plan, however, occurred outside the Commonwealth. *Id.* Furthermore, CFB has not sold or contracted to supply any of the relevant products in Kentucky. These facts are insufficient for this Court to exercise personal jurisdiction over CFB under Kentucky's long-arm statute.

The Court will grant CFB's motion to dismiss Chinook's claims for lack of personal jurisdiction.

b. Personal Jurisdiction When Subject Matter Jurisdiction Stems from a Federal Question

Where this Court's subject matter jurisdiction over a case stems from the existence of federal question, personal jurisdiction exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (internal quotations and citations omitted); *see also Cmty. Trust Bancorp, Inc. v. Cmty. Trust Fin. Corp.*,

692 F.3d 469, 471 (6th Cir. 2012) (discussing the analysis for determining whether plaintiff's exercise of jurisdiction satisfies due process). A defendant is not amenable to service of process under Kentucky's long-arm statute unless the statute also authorizes personal jurisdiction over the defendant. KRS § 454.210(3)(a).

### i. *Go-Time*

Chinook does not allege in the first amended complaint or its response that Go-Time transacted any business within the Commonwealth; contracted to supply services or goods in the Commonwealth; or caused tortious injury by an act or omission in this Commonwealth. Go-Time has not sold any products in Kentucky that are the subject of this litigation. Chinook does not dispute this fact.

While Chinook has submitted a motion to this Court with "newly discovered jurisdictional facts" that Velocity Marketing Group, Inc. ("Velocity") mailed a Go-Time product to Kentucky, this does not alter this Court's analysis. First, this sale took place after the instigation of this lawsuit, and courts have generally held that personal jurisdiction is assessed based on contacts prior to the start of litigation. *See, e.g.*, *Bradley v. Mayo Found.*, No. CIV.A. 97-204 (E.D. Ky. Aug. 10, 1999). Regardless, Velocity is not Go-Time. As Kentucky's long-arm statute does not authorize personal jurisdiction over Go-Time, Go-Time is not amenable to service under that statute and lacks personal jurisdiction in this forum.

The Court will grant Go-Time's motion to dismiss Chinook's claims for lack of personal jurisdiction.

### ii. *Brands, Dahlen, and CFB*

For the reasons stated in Section 1.a, personal jurisdiction does not exist over Brands, Dahlen, and CFB for federal question claims. The Court will grant Brands, Dahlen, and CFB's motions to dismiss Chinook's claims for lack of personal jurisdiction.

## 2. *Forum Non Conveniens*

While Chinook alleges violations of both Louisiana and Kentucky law, it also admits it signed a contract. The Agreement includes both a choice of law clause and forum selection clause. All claims in this action arise from the Agreement and alleged breaches. "[T]he appropriate way to enforce a forum-selection clause pointing to a state forum is through the doctrine of *forum non conveniens*."*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013).

First, the Court must determine whether there is a valid forum selection clause. In evaluating whether a forum selection clause is enforceable, the Court considers: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014) (quoting *Wong v. PartyGaming Ltd.*, 589 F.3d 821 (6th Cir. 2009)).

The Court finds the Agreement contains a valid forum selection clause. Chinook argues that the first two factors would require additional discovery and that the third factor is inapplicable. However, Chinook also generally argues that the Louisiana state court would be an unfair forum because of the views of Louisiana citizens. In concocting this argument, Chinook imputes Robertson family members' statements on homosexuality and racism to all of the

inhabitants of West Monroe and Monroe, Louisiana. *See* Pl.'s Resp. 24-30; *id.* at 27 ("The Robertson's ARE West Monroe and West Monroe IS the Robertsons."). This argument is intellectually dishonest, logically flawed, and needlessly offensive. Likewise, it has no weight on whether these parties can be given a fair and impartial trial concerning these contractual disputes.

Chinook also argues that Duck Commander's position in the economy of West Monroe and Monroe would prejudice the communities against Chinook. However, Chinook bargained for this forum when Duck Commander already had this position in its local economy. Moreover, a company's economic power in an area alone does not preclude a fair trial. If some potential jurors cannot render unbiased judgment on the dispute, then the *voir dire* process will provide the appropriate vehicle to determine *individual* prejudices.

After finding a valid forum selection clause, the Court must determine whether to dismiss the case based on *forum non conveniens*. In assessing whether to dismiss a case based on *forum non conveniens*, the Court must first identify an adequate alternative forum. *PartyGaming*, 589 F.3d at 830. "An alternative forum is inadequate if the remedy provided by [it] is so clearly inadequate or unsatisfactory that it is no remedy at all." *Id.* at 830-31 (internal citations and quotations omitted). Here, Duck Commander is amendable to process in Louisiana state court as Louisiana is its principal place of business. Furthermore, this is an adequate and satisfactory forum capable of providing remedy to Plaintiff's claims. Indeed, this is the jurisdiction in which Chinook agreed to resolve disputes arising from the Agreement when signing the contract. *See* Agreement, ¶ 16(B).

After identifying Louisiana state court as an adequate alternative, the Court must weigh relevant public and private factors in favor of the Louisiana forum. *Id.* at 831-32. When there is a

relevant forum selection clause, however, the analysis changes: (1) plaintiff's forum selection merits no weight, and, instead, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."*Atl. Marine Const. Co.*, 134 S. Ct. at 581. Also, (2) the Court conclusively presumes the private interest factors favor the contractually agreed upon forum; and (3) considers the public-interest factors. *Id.* at 580-81.

The Agreement's forum selection clause states that "All disputes under this Agreement shall be resolved by the courts of the State of Louisiana…." ¶ 16(B). "The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."*Atl. Marine Const. Co.*, 134 S. Ct. at 581 (internal citations and quotations omitted). In assessing public interest factors, the Court's considerations "include court congestion, local interest in the matter, interest in having the trial at home with the law that governs, avoidance of conflict-of-law problems or application of foreign law, and unfairness in burdening local citizens with jury duty." *PartyGaming*, 589 F.3d at 832. Here, the parties agreed that disputes arising from the Agreement would be governed by Louisiana law. A Louisiana state court – not a federal district court in Kentucky – is best equipped and experienced to handle disputes over Louisiana state law. Furthermore, Chinook's argument that the agreed-upon forum is unfair and constitutes exceptional circumstances due to the factors discussed above is without merit.

The Court finds that Chinook has failed to meet its burden of establishing "that transfer to the forum for which the parties bargained is unwarranted."*Atl. Marine Const. Co.*, 134 S. Ct. at 581. Louisiana state court is the forum the parties agreed to settle disputes under the law of Louisiana. Private and public interest factors support this conclusion. The Court will grant Duck Commander's motion to dismiss the action for *forum non conveniens*.

**3. Chinook's Motion for Discovery and Evidentiary Hearing**

The parties have provided this Court with ample and sufficient pleadings and briefings for its decision on the pending motions. Additional facts are unnecessary to aid the Court in its decision. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1271-72 (6th Cir. 1998) (citing *Serras v. First Tenn. Nat'l Ass'n.*, 875 F.2d 1212, 1214 (6th Cir. 1989)).

The Court will deny Chinook's motion for discovery and an evidentiary hearing. The Court will also deny Defendants' motion to strike Chinook's reply concerning its motion for discovery and an evidentiary hearing as moot.

A separate order will be entered in accordance with this opinion.

January 7, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**